UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALFREDO GONZALEZ,

Plaintiff,

v.

AGENTS OF WASHINGTON CORRECTIONS CENTER, *et al.*,

Defendants.

CASE NO. 3:26-cv-06184-JCC-GJL

ORDER DECLINING SERVICE AND TO SHOW CAUSE

This prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 has been referred to United States Magistrate Judge Grady J. Leupold. Plaintiff Alfredo Gonzalez, proceeding *pro se* and *in forma pauperis*, and alleges that he was subjected to an unauthorized human research study while incarcerated at Washington Corrections Center ("WCC"). Dkt. 5. Having screened Plaintiff's Complaint (Dkt. 5) pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a cognizable claim for relief. Accordingly, Plaintiff is **ORDERED** to **SHOW CAUSE** not later than **November 16, 2026**, why this action should not be dismissed as frivolous.

## I. BACKGROUND

Plaintiff, an individual currently incarcerated at the Lewis County Jail, initiated this action challenging the conditions of his confinement at WCC between July and September 2025.

Dkt. 5. Specifically, Plaintiff alleges that, while confined at WCC, he was required to wear a yellow jumpsuit identifying him as a member of a security threat group. *Id.* at 3. Plaintiff alleges that this practice departed from the use of orange jumpsuits in previous years and that, "upon information or belief," the yellow jumpsuits' primary purpose was to "attract bees[,] which are known to be drawn to vibrant colors." *Id.*

Plaintiff further alleges that he observed "kiwi sized" bees being moved to a farm area within the prison. *Id.* at 3–4. According to Plaintiff, these bees were deliberately introduced into the prison as part of a human research study conducted by Defendant University of Washington following a "massive bee die off" in Washington State. *Id*. Plaintiff alleges that neither he nor any other incarcerated individual consented to participate in this purported study, thereby violating his right to due process. *Id.* Plaintiff additionally names Agents of both the WCC and the University of Washington as Defendants. *Id.* at 2.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1996, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading's deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, if the claims put forth in a complaint lack any arguable substance in law or fact, then the complaint must be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Determining frivolousness is a matter of discretion, and a finding of legal frivolousness is appropriate where a complaint asserts claims against individuals who are clearly immune from suit and/or alleges the violation of unfounded or nonexistent legal rights. *Neitzke*, 490 U.S. at 327. On the other hand, a finding of factual frivolousness is appropriate where the factual contentions and scenarios alleged in a complaint are "clearly baseless," "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 327–28; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

## III. DISCUSSION

Upon review, Plaintiff's Complaint contains deficiencies which render it inappropriate for service upon any Defendant at this time. Moreover, Plaintiff's claims are premised on a frivolous factual basis, and his entire Complaint is subject to dismissal on that ground.

### A. Frivolousness

First, Plaintiff's allegations appear factually frivolous. A complaint is factually frivolous when its factual allegations are clearly baseless, including allegations that are fanciful, fantastic,

or delusional. *Neitzke*, 490 U.S. at 327–28. Although the Court must liberally construe *pro se* pleadings, it is not required to accept allegations that are wholly incredible. *Id.*

Here, Plaintiff alleges that prison officials required him to wear a yellow jumpsuit to attract bees deliberately introduced into the prison as part of a nonconsensual human research study allegedly conducted by Defendant University of Washington. These allegations appear wholly incredible and are unsupported by any factual basis beyond Plaintiff's speculation concerning the color of his jumpsuit and his purported observation of unusually large bees. Plaintiff identifies no facts plausibly connecting the WCC's use of yellow jumpsuits, the presence of bees, and any research conducted by the University of Washington.

Accordingly, Plaintiff's allegations appear to be factually frivolous, and his Complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

**B. Other Deficiencies**

Apart from the apparent frivolousness of Plaintiff's allegations, the Complaint contains additional deficiencies that preclude service at this time. Although the Court does not undertake an exhaustive discussion of these deficiencies, two defects bear addressing.

First, Plaintiff has named an improper defendant. Section 1983 provides a cause of action only for constitutional violations proximately caused by a "person" acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Neither a state nor its agencies qualify as "persons" that can be sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The University of Washington is an agency of the State of Washington and therefore is not a "person" subject to suit under § 1983.

Second, Plaintiff appears to assert claims on behalf of other incarcerated individuals for which he lacks standing. Specifically, Plaintiff alleges that neither he nor any other inmate at WCC consented to participate in the purported human research study. Dkt. 5 at 4. However,

Plaintiff lacks standing to challenge conditions of confinement beyond his own. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."); *Wasson v. Sonoma Cnty. Junior Coll.*, 203 F.3d 659, 663 (9th Cir. 2000) ("Parties ordinarily are not permitted to assert constitutional rights other than their own."). To the extent Plaintiff seeks relief for conditions allegedly suffered by other inmates, the Complaint is also deficient for lack of standing.

Based on the foregoing deficiencies, the Court declines to direct service of the Complaint. Instead, if Plaintiff intends to proceed in this action, he must show cause according to the instructions below.

## IV. CONCLUSION AND INTRUCTIONS

For the reasons stated above, Plaintiff is **ORDERED** to **SHOW CAUSE**, on or before **November 16, 2026**, why his Complaint should not be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). Failure to timely respond to this Order **MAY** result in a **recommendation** this action be **DISMISSED**.

Dated this 14th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge